DOSSETT *v.* STATE

[No. 28,358.   Filed April 7, 1948.]

*Theodore Lockyear,* of Evansville, for appellant.

*Cleon H. Foust,* Attorney General, *Frank E. Coughlin,* First Deputy, and *Merl M. Wall,* Deputy Attorney General, for the State.

STARR, J.—The appellant was charged by verified information with indirect criminal contempt. From a judgment of guilty this appeal is taken.

The verified information made by one Ollie R. Weaver in substance recites that on the 22nd day of April, 1947, the Grand Jury for the March Term, 1947, for the Vanderburgh Circuit Court returned an indictment against the appellant which cause is now pending in said court; that one Sam Wintner was a member of said Grand Jury at the time this indictment was returned and still is such a member; that on the 23rd day of April, 1947, the appellant did unlawfully, wilfully and in a rude, insolent and angry manner, touch, beat and strike said Sam Wintner with the deliberate intention of defying the authority of the Vanderburgh Circuit Court in receiving the indictment so returned by the Grand Jury, and with the intent to interfere with the conduct of the business of said court by injuring, harming and wronging Sam Wintner as an officer, Grand Juror and arm of the court because he was a member of the Grand Jury which returned the indictment, and with the further intent to hinder and resist the administration of justice by intimidating the said Wintner and other members of the Grand Jury in the discharge of their duties.

The information shows on its face that it was made upon information and belief, and that the affidavits of Earl C. Royal and Sam Wintner were attached to the same as supporting affidavits. The affidavit of Earl C. Royal recites substantially that on April 23, 1947, between 12:30 and 1:00 p.m., he saw the appellant and Sam Wintner fighting on the sidewalk in front of the store known as the Two Legs Pants Store located at 223 Main Street, Evansville, Indiana; that at that time he saw the appellant strike Wintner at least two times; that he heard nothing said between appellant and Wintner at that time, and that Wintner appeared to be attempting to get away from the appellant. The affidavit of Sam Wintner, after stating that he is a member of the March Term, 1947 Grand Jury of said circuit court which has indicted appellant, recites that he was struck by the appellant at the time and place described in the information herein; that before striking affiant, appellant had said nothing, and that affiant upon being struck, started to retreat and as he was leaving appellant followed him and stated "I ought to kill you, you ——" or words to that effect; that, thereupon, a police officer grabbed appellant and held him, and affiant made his get away.

After the rule to show cause had been issued and after the appellant had appeared, and after the appointment of a special judge, the appellee was permitted to file an additional affidavit made by Wintner which was termed a "supplemental affidavit." In this affidavit Wintner states that appellant knew that the affiant was a member of the Grand Jury when he assaulted him, and that prior to the time he was assaulted he had never had any trouble with the appellant nor had he ever been involved in an argument with him, and that he knew of no reason why the appellant should

have attacked him. The regularity and propriety of the proceeding last mentioned is not before us as appellant has failed to brief his objection to the same.

After the overruling of his motion to discharge the rule, the appellant filed his verified written answer to the rule. Omitting all conclusions and the argumentive portions thereof, this answer states that the altercation resulted solely and only from a personal matter existing between the appellant as an individual and the said Wintner as an individual, which matter had no connection in any manner with the Vanderburgh Circuit Court or the said Grand Jury or with the indictment returned by it against this appellant; also, that he did not intend by any action upon his part, which is complained of, to defy the authority of the Vanderburgh Circuit Court, and that his action was not done with the intention of injuring Wintner as an officer or arm of said court.

Indirect criminal contempt can consist of an assault upon a ". . . judge, juror, attorney, witness or officer of the court because of the performance of their duty in connection with court proceedings or to deter them from such performance in the future . . ." 12 Am. Jur., Contempt, § 10, p. 396.

It cannot be said that the only reasonable inference that can be drawn from what the defendant did is that these acts were contemptuous. These facts are susceptible of two constructions, one of which would amount to contempt and the other not. Under these conditions intent becomes a material question, and a denial of intent to defy the authority of the court by the appellant, entitles him to a discharge. *State ex rel. Indianapolis Bar Assn.* v. *Fletcher Tr. Co.* (1937), 211 Ind. 27, 5 N. E. 2d 538.

Under these circumstances, and the law being as

above indicated, we are of the opinion that appellant's verified answer is sufficient, and by filing the same the contempt was purged.

Other grounds for reversal are urged by the appellant, but in view of what we have already determined it will not be necessary to pass on same.

Judgment reversed and the appellant is ordered discharged.

NOTE.—Reported in 78 N. E. 2d 435.